[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has instituted this action seeking to recover an interest in property in the name of the defendant and located at 87 Falls road Bethany, Connecticut. The first count alleges the plaintiff has an equitable interest. The second count alleges the defendant breached a contract in refusing to convey an interest to the plaintiff. The third count alleges the defendant is the trustee or the plaintiffs one half interest in the property.
The defendant has denied the plaintiff's claims and has set forth special defenses claiming the express trust is unenforceable under the statute of Frauds; the plaintiff has unclean hands which bars him from equitable relief; that the property was an executed gift to the defendant; and that the plaintiff has no equitable right in the property.
The evidence has established the defendant left Bethany, Connecticut in 1972 to attend the University of Hawaii. After her graduation in 1978 she stayed in that area until 1987 when she returned to Bethany. The plaintiff and defendant became romantically involved in the early 1980s and on December 12, 1985 the defendant gave birth to Randi Ann Bachelor. The parents never married but they lived together until September 1987 when the defendant returned to Bethany. In August 1988 the plaintiff then followed the defendant to Bethany when they resumed their relationships and lived together in Wallingford, North Haven, Hamden and Bethany.
Prior to July 20, 1994 when the defendant entered into a contract to purchase the property in Bethany, the plaintiff was self employed in the computer business. The computer business was registered in the name of the defendant under the name of conversion Data. Both the plaintiff and defendant operated this business. The checking account for the business was maintained with the defendant as the sole signatory on the Account.
The plaintiff prior to the purchase of the house was indebted to various creditors ncluding the I.R.S. and he therefore avoided having his name appear on any business financial records.
The parties discussed the purchase of a house in the spring CT Page 8738 of 1994, and in July 1994 they found the house in Bethany. On July 20, 1994 the contract was signed by the defendant and a deposit of $5,000.00 was drawn on the business bank account. The defendant then received a $10,000 sum from William Padeken as part of the purchase price. The defendant acquired a mortgage on the property for the amount of $85,600.00 and title was then placed in the name of the defendant and thereafter the defendant made the mortgage payments and other expenses to maintain the property. The balance due at the closing of $9,066.00 was paid from the business account.
The plaintiff claims the down payment for the purchase price came from the business which was really his business, but was placed in the defendant's name to avoid paying creditors. The sum from the business was $5,000.00. The plaintiff also claims the $10,000.00 received by the defendant from William Padeken was a loan which he had to repay to his mother. However filed with the mortgagee bank was a gift letter from Victoria Padeken stating the sum was a gift to the defendant. The plaintiff also claims the balance due at the closing of $9066.00 also came from the business which was his money.
The relationship between the parties deteriorated after the purchase of the home and in November 1995 the plaintiff left the property with all the records related to the business.
The plaintiff has instituted this suit claiming a 50% equitable interest in the property on the basis that the money used to purchase the property, as well as the cost of improvements to the property came from the business owned and operated by him
The court finds the $10,000.00 received from William and Victoria Padeken the grandparents of Randi Ann Bachelor, was a gift to the defendant. That conclusion. is supported by the letter signed by Victoria stating it was a gift, and that induced the mortgage bank to give a mortgage to the defendant. The absence of any other documentation or testimony from William or Victoria Padeken also supports that conclusion.
The plaintiff also claims the funds used as the down payment in the amount of $5,000.00 as well as the $9,066.00 paid at the closing were his funds. The evidence however has established these sums came from a checking account maintained for Conversion Data. The account was in the name of the defendant. A review of CT Page 8739 the checks issued from that account indicates the funds in the account were used jointly by the parties for both personal and business purposes. Since the defendant was physically active in the operation of the business as well as having the business records in her name I do not find the funds involved were solely those of the plaintiff. Therefore she plaintiff has not sustained his burden of proving by a fair preponderance of the evidence that he advanced all the funds for the acquisition of the property to support the claims of the plaintiff.
The evidence presented has established the sum of $14,066.00 did come from the business account in which both the plaintiff and defendant were actively involved in the operation of the business. Both the plaintiff and defendant testified they each expended funds and performed labor for renovations to the property. However, the proof presented was inadequate to determine the value of those items attributable to either of the parties.
This court concludes the plaintiff does have an equitable interest in the property to the extent of $7,033.00. The plaintiff does not have a half interest in the property as claimed in the third count, and there was no breach of contract as claimed by the plaintiff in the second count.
Judgement shall enter for the plaintiff for the sum of $7,033.00
Howard F. Zoarski